Virginia:
## In the United States District Court (Western District)

Cassie C. Crisano
PO Box 3300
Stafford, VA 22555

JUN 18 2019

V                    Case #

1:19CV807-CMH-JFA

The Freelance Star
Keith EPPS
1340 Central Park BLVD Suite #100
Fredericksburg VA

Slander

Plaintiff, Cassie C. Crisano, moves for Judgement against the Defendant, The Freelance Star, on the grounds and in the amount set forth below:

1) Plaintiff is a private individual who resided with her children is Stafford County, VA.

2) Defendant is a Virginia Corporation that regularly and systematically conducts business in the County of Stafford, King George and Spotsylvania County and the City of Fredericksburg.

3) Defendant Publishes "The Freelance Star", a newspaper of general circulation in the Counties of Stafford, Spotsylvania, King George Counties and Fredericksburg City, Virginia.

4) On or about 27 day of November 2018

the Defendant published an article, "Woman accused of trying to have witnesses killed," on Page A4 of said newspaper stating that "Jail records show that the new charges against Crisano stem from a call or calls she made from Rappahannock Regional Jail on Oct. 1." Her increasingly worsening legal saga began on May 28, 2017, when the former Prince Georges County, MD, Police officer reported the theft of a number of items from her home in Cannon Ridge Subdivision in Stafford. Among the items reported stolen were guns, electronics, a Police vest and her son's vehicle." Stafford authorities didn't suspect anything until several months later, when a former friend reported that Crisano had defrauded the insurance company. Police found a safe that contained various identifications with Crisano's picture and other peoples' names; the people were customers of Navy Federal Credit Union, where Linton worked. "She has been in custody ever since and has had several mental health evaluations; a true copy of the articles is attached hereto Exhibit A and by reference made a part hereof.

5) The article was authored by Keith Epps, who at all times pertinent to the authorship and publication of the article, was an agent and/or employee of the Defendant and was acting within the scope of his agency or employment.

6) Th

and was libelous of the Plaintiff in the following particulars:

A. The article mentioned the Plaintiff by name and address.

B. The article stated the plaintiff reported the theft of a number of items from her home in Cannon Ridge Subdivision in Stafford.

C. The article stated that among the items stolen were guns.

D. The article stated Stafford authorities didn't suspect anything until several months later when a former friend reported that Crisano had defrauded the insurance company.

E. The article stated the police found a safe that contained various identifications with Crisano's picture and other peoples names

F. The article states Crisano has been in custody ever since and has had several mental health evaluations

7) The article was libelous per se, made with actual malice, knowledge of the false statements contained therein, and/or w/reckless disregard for the truth.

8) The Defendant either knew the Article was false or believed it to be true lacked reasonable grounds for such belief, or acted negligently in failing to ascertain the facts on which the publication was based and therefore the Defendant was negligent in the authorship and publication of the article, the contents of which Article the Defendant authorized and ratified.

9) On or about 15 September, 2017 the Defendant Published an article "Former Maryland Police officer and MMA fighter faces Attempted Arson and other charges in Stafford, on www.fredricksburg.com/news/ crime, by Keith Epps, The Freelence Star; a true copy of the article is attached hereinto Exhibit B and by referance, made a part hereof.

10) The article was authorized by Keith Epps, Who at all times Pertinent to the authorship and Publication of the article, was an agent and or employee of the Defendant and was acting within the scope of his agency or employment.

11) The article was false and was libelous of the Plaintiff in the following Peculars:

   A) Stated she attempted to burn the residence of her childs father in Fairfax County

   B) Stated Crisano Staged a burglary at a home She Shared with a Pentagon Police officer.

   C) Officers executed a Search warrent and found Property that was reported Stolen, alonis w/93 account numbers from Vavy feder and names and dates of birth.

12) The article was libelous Per se, made with actual malice knowledge of the false statements contained therein, and/or with reckless discregard for the truth.

13) The Defendent either knew the article was false or believed it to be true, Lacked reasonable grounds for such belief, or acting negigently in failing to ascertain the facts on which the publication was based on and therefore the Defendent was neglisent in the authorship and Publication of the article, the Contents of which article the Defendant authorized and ratified.

14) The Defamatory article Creates and makes apparent a Substantial danger to the Plaintiff's Reputation.

15) On or about 26 November 2018 the Defendant Published an article "Woman accused of planning to burn down Police building in Stafford now accused of seeking to have witnesses killed", on www.fredericksburg.com/news/crime, by Keith Epps The Freelance Star. News Paper Stated "Jail records Show that new charges against Crisano Stem from a call or calls she made from Rappahanock Regional Jail on October 1, 2018" "Her increasingly worsening legal saga began on May 28, 2017, when the former Prince George's County, MD, Police officer reported the theft of a number of items from her home in Cannon Ridge Subdivis. in Stafford. Among the items reported stolen were guns, electronics, a Police vest and her sons vehicle. Stafford authorities didn't suspect anything until months later, when a former friend reported that Crisano had defrauded the insurance Co. Police also found a safe that Contained various identifications with Crisano's picture and other peoples names; the people were customers of Navy Federal Credit Union, where inton worked. A true copy of the article is attached hereinto Exhibit C and by reference made a part hereof.

16) The article was authorized by Keith Epps, who at all times Pertinent to the authorship and publication of the article, was an agent and/or employee of the Defendant and was acting within the scope of his agency or employment.

17) The article was false and was libelous of the Plaintiff in the following Peculars:

 A. The article mentioned the Plaintiff by name and address.

 B. Article stated "Jail records show that new charges against Crisano Stem from a call or calls she made from Rappahanock Regional Jail on October 1, 2018

 C. Article Stated "Her increasingly worsening saga began on May 28, 2017 when she reported the theft of a number of items from her home in Cannon Ridge Subdivision".

 D. Stating among those items stolen were guns.

 E. Authorities didn't suspect anything until months later when a former friend reported that Crisano had defrauded the insurance Co.

18) The article was libelous Per Se, made with actual Malice, knowledge of the false statements contained herein, and/or with reckless disregard for the truth.

19) The Defendant either knew the article was false or believed it to be true lacked reasonable grounds for such belief, or acted negligently in failing to ascertain

the facts on which the publication of the article, the contents of which article the Defendant Authorized and ratified.

20) The Defamatory Article creates and makes apparent a substantial danger to the plaintiffs reputation.

21) On or about 16 May, 2019, the Defendant Published an Article "Crisano argues for Stafford trial changes", on Page A5 of Said Newspaper Stating that "Among the People Crisano is accused of trying to have killed are Stafford Prosecutors Tara Mooney and Ryan Fitzgerald." "Court records state that She got her Son to make a $5,000 wire transfer to pay for one hit and mailed another $800.00 as partial payment for a second hit. A true Copy of the article is Attached hereto Exhibit D and by reference made a part hereof.

22) This article was authorized by Keith Epps, who at all times pertinent to the authorship and publication of the Article, was an agent and/or employee of the Defendant and was acting within the scope of his agency or employment.

23) The article was false and was libelous of the Plaintiff in the following particulars:

    A) Article stated Crisano made contact from the jail with a supposed hitman that was actually an undercover Stafford Detective.

    B) Stated Among the People Crisano is accused of trying to have killed are Stafford Prosecutors Tara Mooney and Ryan Fitzgerald.

    C) Stated The police ruse had Crisano convinced that a hit against Linton had actually been carried out

    D) Stated Crisano was hiring a hit man to eliminate witnesses in her case.

24) The article was libelous per se, made with actual Malice knowledge of false Statements Contained herein, and/or with reckless disregard for the truth.

25) The Defendant either knew the article was false or believed it to be true, lacked reasonable grounds for such belief, or acted negligently in failing to ascertain the facts on which the publication of the article, the contents of which article the Defendant Authorized and ratified.

26) The Defamatory Article Creates and makes apparent a

a substantial danger to the Plaintiffs reputation.

27) On or about 21 February, 2019, the Defendant Published an article "Murder for hire Plot exposed in Stafford County hearing". Numerous Statements made in Prior articles were reiterated in this article Posted on www.fredericksburg.com/news/crime. Plaintiffs Prior allegations made by the Defendant have NO material facts or basis upon which they were made. Just merely accusation and assumptions. A true Copy of the article is attached hereto Exhibit E and by reference made a Part hereof.

28) This article was authorized by Keith Epps, who at all times Pertinent to the authorship and Publication of the Article, was an agent and/or employee of the Defendant and was acting within the Scope of his agency or employment.

29) The article was false and was libelous of the Plaintiff in the following Particulars:

    A) Stated "a former Police officer accused of trying to hire a hit man to eliminate Witnesses".

    B) She had already Paid $5,800 by the time she realized she'd been set up".

    C) Criseno expressed interest in using one of the Confidential informants relatives, known to her as Jermaine, to take out People on her hit list.

    D) Stated "Criseno eventually made Contact with Someone She knew as Jermaine on a recorded Jail Phone and by mail.

    E) In discussing the Potential killings, code language Such as "Cutting down trees".

    F) It was finally agreed that Jermaine would Carry out the hits for $5,000.00 per target.

    G) Another $800 was mailed by the son at Crisenos direction, apparently as a partial Payment for a Second hit.

    H) Police Made Criseno believe that one of her targets, Terry Linton had been eliminated.

30) The article was libelous Per se, made with actual malice, knowledge of false statements Contained herein, and or with reckless disreguard for the truth

31) The Defendant either knew the article was false or believed it to be true lacked reasonable grounds for such belief, or acted negligently in failing to ascertain the facts on which the publication of the article, the contents of which article the Defendant authorized and ratified.

32) The Defamatory Article creates and makes apparent a substantial danger to the Plaintiffs reputation.

33) On or about 3 January, 2018, Defendant published an article "Alleged plot to burn down Stafford Public Safety Building goes to grand Jury", on www.fredericksburg.com/news/crime, by Keith Epps, of the Freelance Star. Article stated numerous inconsistencies with other Articles written by the same writer; a true copy of the article is attatched hereinto Exhibit F and by reference made a part hereof.

34) The article was false and was libelous of the plaintiff in the following Peculars;

    A) State Crisano, a former Police officer reported theft of a number of items including guns

    B) The Sheriffs office didn't realize anything was amiss until August, when Crisano's former friend, Terry Linton made allegations.

    C) Items seized in a safe that contained various identifications with Crisano's picture and other Peoples names.

35) The article was libelous per se, made with actual malice knowledge of the false statements contained therein, and/or with reckless disregard for the truth.

36) The Defendant either knew the article was false or believed it to be true, Lacked reasonable grounds for such belief, or acting negligently in failing to ascertain the facts on which the publication was based and therefore the Defendants was negligent in the authorship and Publication of the article, the contents of which Article the Defendant authorized and ratified.

37) The Defamatory Article creates and makes apparent a substantial danger to the Plaintiffs reputation.

38) As a Proximate result of the Defendants libel, malice, and negligence, the Plaintiff has been Caused to Suffer Permanent actual damages, including but not limited to impairment of reputation, diminished Standing in the Community, Personal humiliation, Mental anguish and Suffering.

39) A trial by Jury is demanded

Wherefore, the Plaintiff moves for judgement against the Defendant, the amount deemed Just in Compensatory and in Punative damages.

Respectfully Submitted